[757 NYS2d 164]

In the Matter of RICHARD L. BAUMGARTEN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 30, 2002

## APPEARANCES OF COUNSEL

*Vincent L. Scarsella, Deputy Chief Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*David R. Addelman*, Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 20, 1979. He has been continuously suspended

since November 6, 1998, when he consented to a suspension on the ground that he was incapacitated from practicing law. This Court, by order entered June 8, 2001, granted the motion of respondent to vacate that suspension upon a finding that he had recovered from his incapacity and granted the cross motion of the Grievance Committee to suspend respondent pursuant to 22 NYCRR 1022.20 (e), based upon uncontroverted proof that respondent had committed misconduct.

The Grievance Committee filed a petition charging respondent with acts of professional misconduct based, in part, upon the facts that formed the basis for respondent's suspension. Respondent filed an answer admitting the factual allegations of the petition and asserting, in mitigation, that the misconduct occurred during a period of time when he suffered from a psychiatric illness that had not yet been diagnosed. Respondent submitted medical proof that he received treatment for his illness, takes prescription medication, is currently free of any symptoms of the illness and remains in counseling.

Respondent admits that he neglected numerous matters, failed to refund promptly unearned fees and that, although he has reimbursed several clients, he owes refunds to three clients.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3])—failing to return unearned fees to clients;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting legal matters entrusted to him;

DR 7-101 (a) (2) (22 NYCRR 1200.32 [a] [2])—failing to carry out a contract of employment entered into with a client for professional services; and

DR 7-101 (a) (3) (22 NYCRR 1200.32 [a] [3])—intentionally damaging a client during the course of the professional relationship.

We have considered the matters submitted by respondent in mitigation, including the fact that the misconduct occurred at a time when respondent was suffering from a psychiatric illness for which he has received treatment. Additionally, we note that respondent has been suspended for a period in excess of four years and that the period of suspension for the preceding 18 months was imposed based upon evidence of some of the same misconduct that forms the basis for the charges that are

now before us. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for a period of 19 months, effective June 8, 2001, and until further order of the Court. We direct respondent to make restitution to his clients, as set forth in the order entered herewith.

PINE, J.P., HAYES, HURLBUTT, KEHOE and BURNS, JJ., concur.

Order of suspension entered.